# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3740
hkgordon@jonesday.com

**VIA ECF**  October 17, 2024

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States
Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *Skillz Platform Inc. v. Voodoo SAS, et al.*, No. 1:24-cv-04991—Renewed Request to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss

Dear Judge Broderick:

Pursuant to Rules 1.A and 4.F of Your Honor's Individual Rules & Practices in Civil Cases, Defendants respectfully request that the Court stay discovery until disposition of Defendants' Motion to Dismiss the First Amended Complaint ("Motion"; ECF No. 58).

This case is ostensibly about whether Defendant Esport Newco SAS's[1] advertising of its Blitz App mobile games as being "fair" is false or misleading, and whether that advertising is causing Plaintiff harm. But Plaintiff does not offer, either in its First Amended Complaint ("FAC") or "renewed" motion for a preliminary injunction, a single fact to substantiate its argument that Blitz App games are not "fair" because they supposedly deploy non-human "bots."[2] As a first matter, "fair" is a subjective opinion that is not actionable under false advertising law. Secondly, in response to Plaintiff's first preliminary injunction motion, Defendants submitted an independent audit of its Blitz App cash games that found no evidence of any "bots." ECF No. 45-1. Third, the FAC fails to plausibly allege that advertising for the Blitz App is causing Plaintiff any injury. Plaintiff has not "lost players" to the Blitz App because it has no cash game with players—it offers software services to third-party game developers. And even if Plaintiff had a game, it would be one of hundreds competing in the market, making any theoretical injury purely speculative. For at least these reasons, and also to allow the Court to determine whether it has jurisdiction over Defendant Voodoo SAS, discovery should be stayed at least until the Court resolves the Motion, so that the Court can first decide what issues, if any, remain to be litigated.

Under Federal Rule of Civil Procedure 26(c), a district court has "considerable discretion" to stay discovery "upon a showing of good cause." *O'Sullivan v. Deutsche Bank AG*, 17-cv-8709,

---

[1] Esport Newco SAS is the defendant that operates the Blitz Win Cash app (the "Blitz App").

[2] After filing the original Complaint, Plaintiff's counsel remarked to Defendants' counsel that its client wanted to know whether Blitz App games use "bots." Such a question belies any good faith basis for the allegations levied in the complaint.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)). As Your Honor has noted, when a motion to dismiss is pending, "courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quoting *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 15-cv-6267, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016)). Each factor is satisfied here.

Because Defendants' Motion to Dismiss the FAC is "potentially dispositive," the court should stay discovery so that it may first decide what issues, if any, remain to be litigated. *Id.* at *2 (stay of discovery favored where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law") (quoting *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015)). And Defendants have made a strong showing that Plaintiff's claims lack merit for three key reasons.

First, the FAC fails to plead "an actual commercial injury proximately caused by a false advertisement" as required to state a plausible claim of false advertising under the Lanham Act. *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 394 F. Supp. 3d 368, 372 (S.D.N.Y. 2019). The FAC consists of speculative and conclusory allegations that do not support an inference that the challenged advertising injured the Plaintiff—there is no "zero sum game" in a market where there are hundreds of companies offering cash mobile games and Plaintiff is on a different level of the distribution chain. The FAC also fails to state a claim under New York GBL § 349 for these same reasons. *See Tears v. Boston Sci. Corp.*, 344 F. Supp. 3d 500, 516 (S.D.N.Y. 2018).

Second, the FAC should also be dismissed in its entirety because the challenged statements "cannot be proven either true or false" and therefore "are not actionable" as false advertising. *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995); *see also Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 540 (S.D.N.Y. 2018) ("[A]n opinion that is not actionable under the Lanham Act is also not actionable under NYGBL § 349.").

Further still, dismissal of defendant Voodoo SAS is warranted for lack of personal jurisdiction. Plaintiff has not shown Voodoo SAS is subject to this Court's jurisdiction under either New York's long arm statute or Fed. R. Civ. P. 4(k)(2). Voodoo SAS's activities within the U.S. consist only of its operation of a website and downloads of Voodoo SAS's games that are not at issue in this case, both insufficient to confer jurisdiction. *See Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403, 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024) (granting stay of discovery pending resolution of motion to dismiss for lack of personal jurisdiction).

In short, Defendants' Motion provides "multiple, independent arguments for dismissal." *Integrated Sys. & Power*, 2009 WL 2777076, at *1 (granting a stay of discovery after an initial

review where "the motion "appear[ed] not to be unfounded in the law"); *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-mc-2542 (VSB), 2014 WL 12778832, at *3 (S.D.N.Y. Sept. 19, 2014) (granting motion to stay discovery pending resolution of a motion to dismiss in a false advertising case).

The second factor, breadth and burden of discovery, also weighs in Defendants' favor, as dismissal of Voodoo SAS for lack of jurisdiction would eliminate the need to obtain discoverable information from one of the defendants, which is a foreign entity. *See Hewlett Packard Enter. Co. v. Aqua Sys., Inc.*, No. 23-cv-05640, 2024 WL 1159000, at *9 (E.D.N.Y. Mar. 18, 2024) (finding a stay warranted where discovery could include witnesses located in other countries). Additionally, the dismissal of the claims or portions thereof (e.g., certain challenged advertisements as non-actionable subjective opinions), would narrow the issues in this case and, accordingly, the relevant discovery. *See HAHA Glob., Inc. v. Barclays*, No. 19-cv-04749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (granting stay where the disposition of the motion to dismiss could significantly narrow the issues in the case). Indeed, "Plaintiff['s] request[s] may be mooted entirely should Defendant[s'] motion to dismiss be granted and this action dismissed." *Cuhadar v. Savoya LLC*, No. 24-cv-3615, 2024 WL 4142151, at *5 (E.D.N.Y. Sept. 11, 2024); *see also Boelter v. Hearst Commc'ns, Inc.*, No. 15-cv-3934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay of discovery where, among other reasons, defendant's motion to dismiss raised "substantial arguments" concerning the court's lack of jurisdiction).

Finally, Plaintiff is at no risk of unfair prejudice because the case is "still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken." *Cohen v. Saraya USA, Inc.*, No. 23-cv-8079, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting motion). Additionally, Plaintiff has already delayed bringing this action by several years, and cannot now claim it faces a threat of irreparable harm. Moreover, as noted above, because an independent analysis has determined that Defendants do not use bots, there is no risk that the purportedly false advertising is causing Plaintiff imminent harm.[3] In the absence of such a risk, "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

For the reasons set forth above, Defendants respectfully request the Court enter an order staying discovery pending the resolution of the Motion. We appreciate Your Honor's time and consideration of this request.

---

[3] Despite the report being issued from a subsidiary of GLI, which is the gaming industry's leading provider of testing and certification services, Plaintiff complains about redactions and, incredibly, the review of an entire week of source code even before this action was filed. ECF No. 47. However, Defendants cannot publicly reveal source code, and as shown in the independent audit, ample data was reviewed across both source code and logs to demonstrate Plaintiff's claims are meritless. Plaintiff cannot go on a fishing expedition into Defendants' most valuable information based on conjecture and in the face of contrary facts about the operation of the Blitz App.

Respectfully submitted,

*/s/ Harold K. Gordon*

Harold K. Gordon