# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3740
hkgordon@jonesday.com

November 19, 2024

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:   *Skillz Platform Inc. v. Voodoo SAS, et al.*, No. 1:24-cv-04991
           Request for Leave to File Sur-Reply

Dear Judge Broderick:

    Pursuant to Rules 1.A and 4.F of Your Honor's Individual Rules & Practices in Civil Cases, Defendants write to respectfully request leave to file a short sur-reply to address new exhibits that Plaintiff improperly incorporated and referenced in its Reply Memorandum of Law in Support of its Renewed Motion for a Preliminary Injunction ("Renewed Motion") (ECF Nos. 80 & 81). Specifically, in its Reply to the Renewed Motion, Plaintiff submitted a new declaration from its outside counsel, which improperly attaches as new Exhibits O and P what Plaintiff purports to be two online user reviews. ECF No. 81. Defendants request leave to file a short sur-reply to explain why it is improper to submit these exhibits with a Reply brief and why the exhibits are, in any event, irrelevant and unreliable.

    By way of background, the Renewed Motion fails to demonstrate the requisite irreparable harm to obtain injunctive relief, including because it offers no facts or evidence to support Plaintiff's conjecture that the challenged advertising statements divert customers from third-party game developers that use Plaintiff's software to Defendant Esport's Blitz Win Cash application ("Blitz App"). *See* ECF No. 69 at 8-9. Plaintiff's Renewed Motion relies entirely on speculative opinions by its outside counsel (Craig Carpenito) and unsubstantiated and conclusory opinions by its co-founder (Casey Chafkin). ECF Nos. 52 & 53. Notably absent from the Renewed Motion is any tangible evidence that the challenged statements regarding the Blitz App caused any players to stop playing third-party games that use Plaintiff's software and instead play games on the Blitz App. In marked contrast to Plaintiff's reliance on speculative opinions, Defendants' Opposition points to evidence showing that the rate of new app downloads for the most popular games using Plaintiff's software fell *before* Defendant Esport began the challenged advertising in 2022. *See, e.g.*, ECF No. 69 at 4, citing Gordon Decl. ¶¶ 14-17.

**JONES DAY**

Hon. Vernon S. Broderick
November 19, 2024
Page 2

   In its Reply, Plaintiff references the aforementioned attorney declaration and new exhibits to argue that the challenged statements resulted in a supposed diversion of customers away from Plaintiff.  ECF No. 80 at 2-3.  Defendants propose to detail in a sur-reply that while the purported customer review at Exhibit O is dated October 11, 2021, Plaintiff has not shown that the challenged statements by Defendant Esport appeared in any advertising prior to 2022.  And, therefore, that Exhibit O cannot demonstrate that the challenged statements resulted in the diversion of any customers.  As for Exhibit P, which Mr. Carpenito attests to be a review of the Blitz App on the Apple App Store from 2024, the Reply omits that the anonymous reviewer does not comment about the subject of the advertising at issue in this case.  Rather, the alleged review praises the Blitz App for providing payouts quickly on Paypal, which has nothing to do with the challenged statements.

   Accordingly, Defendants respectfully request that the Court permit a short sur-reply to address Plaintiff's new exhibits and explain why they are improper and are irrelevant to Plaintiff's argument about purported imminent or irreparable harm.

                Respectfully submitted,

                */s/ Harold K. Gordon*

                Harold K. Gordon