UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SKILLZ PLATFORM INC.,

                         Plaintiff,

         -against-

VOODOO SAS, *et al.*,

                        Defendants.
-----------------------------------------------------------------X

**ORDER**

**24-CV-4991 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On November 4, 2025, the Court held a discovery conference. For the reasons stated more fully on the record the Court made the following rulings:

1. **Protective Order Rulings:**

- Plaintiff's motion to include protocol related to source code in the protective order is **DENIED** as premature at this point.

- Defendants' motion to identify every person who receives material or information subject to the protective order is **DENIED.** The Court expects anyone provided a copy of material subject to the protective order will abide by its terms.

- Defendants' motion to unilaterally file documents under seal to give the other side an opportunity to make redaction decisions is **DENIED.** The Parties are to follow this Court's rules that Parties shall file redacted copies on the docket, provide unredacted copies to the Court and subsequently make a motion seeking leave of the court for sealing.

- Defendants' motion to delete a provision that information is not exempt from discovery merely because it is confidential from the protective order is **DENIED.**

- Plaintiff's motion to require redacted material to include the reason for redaction on its face is **DENIED.** The Parties are to provide the reasons for redaction in privilege logs. The Court orders the following schedule for privilege logs:
  - The Parties are to provide monthly privilege logs regarding redactions to opposing counsel.
  - The Parties are to provide the final privilege log by **March 27, 2025 at 5:00 PM.**

2. **ESI Protocol Rulings**

- Defendants' motion to strike language requiring disclosure of the TAR program it uses is **GRANTED.**
- Plaintiff's motion to require the production of native files for excel spreadsheets and .CSV files is **GRANTED.** If native files become overly burdensome, Defendants may reraise the issue with the Court.
- The Parties agree on a protocol to meet and confer about the format for producing audio, video, and multimedia discovery and the Court need not rule on that issue.
- Plaintiff's motion to require OCR of documents produced is **GRANTED.** If there is a particularized burden at a later date, Defendants may revisit the issue.
- Plaintiff's motion to require Defendants to produce advertisements and documents in their original color is **GRANTED.**
- There is no dispute about producing documents in multiple languages. If the Parties have documents in multiple languages, they must all be produced. No party is obligated to translate documents to English for production.

### 3. Definitions/Terms Rulings

- Plaintiff's motion to use the term "Voodoo Bots" is **DENIED.** Plaintiff's definition of "Bots" is ambiguous and Plaintiff is ordered to reword the definition to eliminate the ambiguity. The Parties are to meet and confer about the new definition and present it to the Court if there is still dispute by **November 12, 2025 at 5:00 PM.**

- Plaintiff's motion to use "Voodoo" in discovery requests to refer to Voodoo SAS, Esport US and Esport SAS is **GRANTED** and Defendants are ordered to respond to those requests.

### 4. Discovery Production Rulings

- Defendants' motion to limit production requirements to Blitz Win Cash App is **GRANTED.** Documents related to "real-money skill-based games" included on Blitz Win Cash App historically and presently are included in the Court's Order.

- Defendants' objection to the production of documents prior to the date of the Complaint is **OVERRULED.**

### 5. Interrogatory Rulings

- Plaintiff's motion to compel responses to contention interrogatories (#4, 5, 6) at this point is **DENIED.** However, Defendants are ordered to respond to interrogatory #7, as it is not a contention interrogatory.

- Plaintiff agreed it will respond to Defendants' interrogatories concerning whether Skillz used "Bots" in money games. Therefore, the Court need not rule on this issue.

- Defendant's motion to compel responses to interrogatories regarding Skillz's matchmaking is **RESERVED.** The Court sets the following schedule:
    - Defendant will file a letter motion by **November 10, 2025 at 5:00 PM.**
    - Plaintiff response is due **November 17, 2025 at 5:00 PM.**

The Parties are ordered to order a copy of the transcript of the discovery conference and provide a copy to the Court.

    SO ORDERED.

DATED:   New York, New York
            November 7, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge