UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                              :
SKILLZ PLATFORM INC.,                         :
                                              :
                                Plaintiff,    :
                                              :            24-CV-4991 (VSB) (JW)
                - against -                    :
                                              :            **OPINION & ORDER**
VOODOO SAS, *et al.*,                         :
                                              :
                                Defendants.   :
                                              :
--------------------------------------------------------X

Appearances:

Lazar Pol Raynal
Michael Anthony Lombardo
King & Spalding
Chicago, IL

Barry Antoine Kamar
King & Spalding
Miami, FL

Curtis Ryan Crooke
Jessica C. Benvenisty
John Thomas Goodwin
Marisa L. Manzi
Craig Carpenito
King & Spalding
New York, NY
*Counsel for Plaintiff*

Harold Keith Gordon
Jones Day
New York, NY

Andrea Jeffries
Jones Day
Los Angeles, CA

Anna Raimer
Megan Leigh McKeown

Jones Day
Houston, TX

Michael A Oblon
Jones Day
Washington, DC
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On July 1, 2024, Plaintiff Skillz Platform Inc. ("Plaintiffs" or "Skillz") filed its initial complaint against Defendants Voodoo SAS, Esport Newco SAS, and Esport Newco US Corp. (collectively, "Defendants") challenging Defendants' alleged unlawful conduct and fraud on the public in falsely advertising its mobile games as "fair" and "skill-based" when Defendants are fixing the outcome of its tournaments through the use of computer algorithms or "bots." (Doc. 1 at 1.) On August 22, 2024, Plaintiff filed its initial motion for a preliminary injunction and expedited discovery. (Doc. 22.) On September 20, 2024, Defendants filed their opposition to the motion with supporting papers. (Docs. 43–46.)

On October 2, 2024, Plaintiff filed an amended complaint. (Doc. 48 ("Am. Compl.").) Shortly after, on October 8, 2024, Plaintiff filed its notice of renewed motion for a preliminary injunction, seeking an order prohibiting Defendants from making allegedly false representations in Defendants' advertising and from using bots in their gaming applications, and requesting expedited discovery to more fully discover the scope of Defendants' alleged use of bots and misconduct so that it can present such evidence during a preliminary injunction hearing. (Doc. 50.) Plaintiff also filed an accompanying memorandum of law, (Doc. 51), and two declarations in support of the motion, (Docs. 52–53). On October 29, 2024, Defendants filed their opposition, (Doc. 69), along with accompanying papers, (Docs. 70–73.) On November 12, 2024, Plaintiff filed a reply memorandum, along with accompanying papers. (Doc. 80–82.) On

November 27, 2024, Defendants filed a sur-reply in further opposition to the preliminary injunction motion, after receiving permission from the Court. (Doc. 85.)

On April 22, 2025, I referred the case to Magistrate Judge Jennifer E. Willis for general pretrial purposes and specific non-dispositive motions. (Doc. 88.) On August 7, 2025, I issued an amended order referring Plaintiff's renewed motion for preliminary injunction to Magistrate Judge Willis for a report and recommendation. (Doc. 127.) On February 12, 2026, Judge Willis issued a 17-page Report and Recommendation (the "Report and Recommendation" or "Report") recommending that I deny Plaintiff's motion for a preliminary injunction and expedited discovery. (*See generally* Doc. 181 ("Report").)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted) (cleaned up)).

Although the Report explicitly provided that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections," (Report 17), no party filed an objection or requested additional time to do so. I have reviewed Judge Willis' detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety. Thus, Plaintiff's motion for a

3

preliminary injunction and expedited discovery is DENIED.  The Clerk of Court is respectfully

directed to terminate the motion at Document 50.

SO ORDERED.

Dated:        March 13, 2026
              New York, New York

              Vernon S. Broderick
              United States District Judge