UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SKILLZ PLATFORM INC.,

                   Plaintiff,                **ORDER**

       -against-                  **24-CV-4991 (VSB) (JW)**

VOODOO SAS, *et al.*,

                  Defendants.
-------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Plaintiff's request to seal Defendants' July 3, 2025 letter and accompanying exhibit. See Dkt. Nos. 109, 110, 112. For the following reasons, Plaintiff's request to seal is **GRANTED**.

### LEGAL STANDARD

When considering a motion to seal, courts in this District first determine whether or not the document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If found to be a "judicial document," the next step is to balance the common law right of public access—which attaches to judicial documents—against any countervailing factors. Id. The evaluation of whether the presumption in favor of public access is overcome must be made on a document-by-document basis. See, e.g., Brown v. Maxwell, 929 F. 3d 41, 48 (2d Cir. 2019). Finally, courts must ensure that sealing requests are narrowly tailored in relation to the countervailing factors. Id. at 120. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

## BACKGROUND

On July 3, 2025, Defendants sought leave to file under seal two documents: (1) Defendants' supplemental letter at Dkt. No. 110 ("Supplemental Letter") and (2) an accompanying exhibit at Dkt. No. 110-1 ("Exhibit A"). See Dkt. No. 109. Defendants assert that while there is no good cause, they filed the documents under seal so that Plaintiff would have an opportunity to request to seal the documents. Id. Plaintiff asserts that the two filings should remain under seal because Judge Cote, in a related case where Plaintiff is a party, already determined that the documents and/or relevant information should remain under seal. See Skillz Platform Inc. v. Papaya Gaming, Ltd. et al., No. 24-cv-01646 (DLC) (S.D.N.Y.) (the "Papaya" case). In the alternative, Plaintiff asserts the documents should be sealed under the three-part sealing analysis. Id. The Court addresses each document Plaintiff seeks to seal in turn.

### A. Supplemental Letter at Dkt. No. 110

Plaintiff asserts that Defendants' Supplemental Letter at Dkt. No. 110 should be sealed because it contains relevant information already under seal in the Papaya case. See Dkt. No. 112. For instance, Defendants' Supplemental Letter discusses at length Plaintiff's "Determined Outcome Matcher" ("DOM") algorithm, with details drawn from a sealed report by Skillz's expert witness, Dr. José Zagal (the "Expert Report") in the Papaya case. See Papaya at Dkt. Nos. 402-2, 406. Defendant concedes that Plaintiff's request to seal the Expert Report was granted in the Papaya case, but asserts that when they downloaded the Expert Report from the docket, it was not

2

sealed and they were unaware of its subsequent sealing until notified by Plaintiff's counsel.  See Dkt. No. 109; see also Papaya at Dkt. Nos. 402-2, 404, 405.

### B. Exhibit A at Dkt. No. 110-1

Plaintiff also seeks to seal Exhibit A to Defendants' Supplemental Letter, which is a Rule 56.1 statement of undisputed material facts in support of the plaintiff's motion for summary judgment on its counterclaims in the Papaya case ("Exhibit A").  Dkt. No. 112.  Plaintiff here asserts that Exhibit A is fully under seal in the Papaya case.  See Dkt. No. 112; Papaya at Dkt. No. 462.  Defendant asserts that Exhibit A "is a redacted court filing that is currently publicly available online" (Dkt. No. 109) but does not provide a docket cite in Papaya. After a careful review of the Papaya docket, the Court has not located a publicly available version of Exhibit A.[1]

**DISCUSSION**

The Court finds that both the Supplemental Letter and Exhibit A should be sealed.  The Court need not reach the merits of the sealing requests here because "[i]n the interests of judicial comity, information sealed by the Southern District

---

[1] The Court independently reviewed the sealing history of Exhibit A in Papaya since the parties dispute whether there is a public version on the docket.    Initially, a redacted version of Exhibit A was filed publicly by the plaintiff in the Papaya case on June 27, 2025.  Papaya at Dkt. Nos. 428.  Five days later, the parties filed a joint letter memorializing Skillz's assertion that filings related to the motion for summary judgment (including Exhibit A) was not properly redacted, requesting that they be "sealed pending any forthcoming determinations by the Court about redactions and sealing," and jointly agreeing to submit letters proposing redactions.  Dkt. No. 461. Judge Cote granted the parties' request and sealed the filings, including the improperly redacted Exhibit A.  Papaya at Dkt. No. 462.

in [Papaya by Judge Cote] should remain sealed here as well." United States v. Sater, No. 98-CR-1101 (ILG), 2019 WL 3288389, at *4 (E.D.N.Y. July 22, 2019); see also Accent Delight International Ltd. v. Sotheby's, No. 18 Civ. 9011 (JMF), 2019 WL 2602862, at *9 (S.D.N. Y. Jun. 25, 2019) (holding that, under principles of comity, where a foreign court has taken under advisement whether to keep a document sealed, the District Court would permit the foreign court to "rule on the issue in the first instance" rather than decide whether to unseal a duplicative document on its own docket).

Here, both documents were derived from documents under seal in Papaya and should therefore remain under seal in this case. First, an exact version of Exhibit A was sealed in the Papaya case. Papaya at Dkt. No. 462. Second, Defendants' Supplemental Letter discussing Plaintiff's "DOM" algorithm was derived from the Expert Report in Papaya. While Defendants argue these documents were publicly available at the time they downloaded the documents on the Papaya docket, those documents are no longer public and should therefore remain under seal. See United States v. Visa U.S.A., Inc., No. 98 Civ. 7076 (BSJ), 2000 WL 1682753, at *1 (S.D.N.Y. Nov. 9, 2000) ("In order to promote the goals of full but fair discovery, third parties who gain access to sealed material inadvertently disclosed cannot be allowed to retain those documents.")

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's sealing requests of the Supplemental Letter and Exhibit A.

**The Clerk of Court is respectfully requested to close Dkt. No. 109.**

SO ORDERED.

DATED:    New York, New York
          March 30, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge