# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

May 29, 2026

These requests are GRANTED.

The Clerk of Court is respectfully requested to close Dkt. Nos. 244 and 245.

SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
United States Magistrate Judge
June 1, 2026

**VIA ECF**

Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007

Re: *Skillz Platform Inc. v. Voodoo SAS, et al.*, No. 1:24-cv-04991

Dear Judge Willis:

In response to the Court's May 27, 2026 Order (ECF No. 242) denying the request to seal at ECF No. 221 with leave to refile, Defendants respectfully write to renew their request that the Court grant Plaintiff Skillz Platform Inc.'s ("Skillz") May 6, 2026 Letter Motion to Seal (ECF No. 221) the parties' May 6, 2026 Joint Status Letter, which Skillz filed under seal at ECF No. 222 and with redactions at ECF No. 223.

Courts in the Second Circuit will grant a motion to seal where the "privacy interests of those resisting disclosure" outweighs the public's right to access a "judicial document." *See CRC Ins. Servs., Inc. v. Suh,* No. 22-CV-9528 (AT) (JW), 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (Willis, J.) (granting motion to seal joint letter and its attachments).[1]  In addition, "courts must ensure that sealing requests are narrowly tailored." *See* ECF No. 201 (citation omitted).

The redacted portion of the May 6, 2026 Joint Status Letter (ECF No. 222) mischaracterizes information derived from Defendants' sensitive, internal documents describing Defendants' internal framework, development, flow related information,  and internal developer discussion.  The release of this information risks reputational and competitive harm to Defendants' business.  "Courts in this District routinely permit parties to seal or redact commercially sensitive

---

[1] Additionally, under the Second Circuit's "three-part inquiry," there is no presumptive public right of access when the document is not considered a "judicial document." *See, e.g., United States v. Sattar*, 471 F. Supp. 2d 380, 389 (S.D.N.Y. 2006) (finding it "doubtful" that letters dealing "with administrative matters such as scheduling, submissions, and seating" are judicial documents, but "[e]ven if they were, these documents are so far removed from the exercise of a judicial function that any presumption of access that attaches to them would be entitled to little weight").  Here, the May 6, 2026 Joint Status Letter is a routine case-management filing that provides the Court with a status update on the status of discovery.  It does not constitute a "judicial document" and does not receive a presumption of public access because it is not a motion requesting any relief.  *Id.*  But even if it were nonetheless deemed a judicial document, any presumption of access that attaches would be entitled to little weight and the protection of the information outweighs the public's right to access.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Jennifer E. Willis
May 29, 2025
Page 2

information in order to protect confidential business interests and financial information." *See Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024) (granting motion to seal); *see also EFT Servs. LLC v. i-POS Sys. LLC*, 2025 WL 1752144, at *4–5 (S.D.N.Y. June 25, 2025) (Willis, J.) (maintaining redactions where sealed information included confidential business information and results of private internal processes, finding that the defendants' "privacy interests outweigh[ed] the publics' right to access"). Moreover, Defendants' request to seal is narrowly tailored to the redacted portion of the Letter, preserving public access to the remainder of the filing while protecting Defendants' legitimate confidentiality interests. *See CRC Ins. Servs.*, 2025 WL 560749, at *2 (granting motion to seal Joint Letter, finding it was "narrowly tailored to prevent unauthorized dissemination of confidential business information, and the protection of that information outweighs the public's right to access").

For the foregoing reasons, Defendants respectfully request that the Court grant Skillz's Letter Motion to Seal (ECF No. 221) and that ECF No. 222 remain under seal.

Respectfully submitted,

*/s/ Harold K. Gordon*

Harold K. Gordon