UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SKILLZ PLATFORM INC.,

                            Plaintiff,

             -against-

VOODOO SAS, *et al.*,

                        Defendants.
-----------------------------------------------------------------X

**ORDER**

**24-CV-4991 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The parties appeared before the Court on June 24, 2026 for an in-person discovery conference.  For reasons more fully stated on the record, the Court orders the following:

- Dkt. No. 203 – Defendants' April 2 letter motion to compel

  - Defendants' request is **DENIED**.  The Court agrees with Plaintiff that many of Defendants' interrogatories are compound and therefore exceed the 25 interrogatory limit.  To that end, Defendants are directed to propound revised interrogatories by **July 8, 2026**.  The Court further finds that contention interrogatories (see Defendants' interrogatory nos. 7, 10, 11) are premature at this time given the extension of discovery.

- Dkt. No. 229 – Plaintiff's May 11 letter motion to compel

  - Plaintiff's request is **DENIED** in part and **GRANTED** in part.  Defendants have represented that they have performed a good faith search and have produced documents responsive to those requests.  However, the Court has concerns about the scope and thoroughness of

the search particularly in light of two concerning pieces of discovery that Plaintiff highlighted during the conference.  Defendants must therefore provide a list of search terms, locations searched and custodians to Plaintiff by **July 8, 2026.**

- Dkt. No. 231 – Plaintiff's application for issuance of a letter of request for international judicial assistance

  o Plaintiff's request is **GRANTED**.  The Court finds that deposition topics for non-party Ido Naim are limited to alleged bot use in Blitz Win Cash and that the relevant time period is Mr. Naim's start date at Voodoo up to the present.  Plaintiff is to file a revised letter of request consistent with the Court's order by **July 8, 2026**.

- Dkt. No. 240 – Defendants' May 22 letter motion

  o Defendants' request for discovery related to Plaintiff's use of its Determined Outcome Matcher is **DENIED**.

- Dkt. No. 251 – Plaintiff's June 12 letter motion

  o Plaintiff's request for documents related to player complaints (RFP Nos. 36 and 37) is **DENIED**.

  o Plaintiff's request for discovery related to Defendants' representation to investors regarding the Blitz App (RFP Nos. 45, 46) is **GRANTED** in part and **DENIED** in part.  The Court finds that Defendants' representation to investors is relevant only as it relates to the challenged fair, skill-based, or bot-free statements alleged in the

amended complaint.  Documents regarding Defendants' representations to investors beyond that subject matter are not relevant to the asserted claims and are therefore **DENIED.**

o Plaintiff's request for discovery related to corporate governance documents and organizational charts (RFP Nos. 47-51, 48) is **DENIED**. Plaintiff argues that these requests are relevant because Defendants assert that Voodoo SAS does not belong in the lawsuit, but the Court finds this has no bearing to the false advertising claims in this case.

o Plaintiff's request to compel source code discovery is **DENIED**. However, the Court has some concerns regarding Defendants' failure to timely produce documents to Plaintiff—particularly in light of the two documents Plaintiff flagged.  As such, the Court will institute regular in-person conferences, which will be described in more detail below.

- Dkt. No. 253 – Defendants' June 12 letter motion

o The Court **DENIES** Defendants' request to compel the following categories of documents: (1) bots use in Skillz's cash games (RFP No. 132); (2) shareholder communications (RFP Nos. 99, 101-102); (3) complaints from Skillz's game developers and its analyses about losing customers (RFP Nos. 49, 77, 79, 80, 127, 130).

o Defendants' request for documents regarding (4) player liquidity, matching times, and platform mechanics (RFP Nos. 41, 44, 107, 118,

3

133-135) is **GRANTED** as to data points on player liquidity or players on the platform and is **DENIED** otherwise.

- o Defendants' request for (5) competitive analyses and player departures (RFP Nos. 120, 122); (6) marketing, user-acquisition, engagement-marketing, and financial metrics (RFP Nos. 50-52, 93-97, 108); and (7) other causes of Skillz's alleged losses (RFP Nos. 75, 115-117, 126, 128-129) is **GRANTED** but is cabined to 2020 to the present as the relevant time period.

- Next steps

  - o All discovery that was granted as part of the above motions to compel must be produced by **July 13, 2026**.

  - o The parties are to file a joint letter by **July 15, 2026** (1) confirming that those productions are complete and (2) summarizing any ripe, outstanding discovery disputes. With regards to outstanding discovery disputes, the joint letter shall set forth the full text of any discovery request and each party's responses or objection to the request. The joint letter shall be no more than 25 pages excluding exhibits. If the parties need additional pages, they are free to request leave from the Court. The parties are to provide a courtesy copy to the Court with tabbed exhibits, double sided, in a binder by **July 16, 2026**.

  - o The parties are to appear for an in-person conference on **July 20, 2026 at 11:00 AM** for oral argument. The conference will be held in

Courtroom 228 at the Thurgood Marshall Courthouse, 40 Foley Square,

New York, New York.

**The Clerk of Court is respectfully requested to close Dkt. No. 205, 229, 231, 240, 241, 251, 253, and 254.**

SO ORDERED.

DATED:    New York, New York
          June 25, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge