**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>Plaintiff,<br><br>-against-<br><br>VOODOO SAS, a foreign corporation; ESPORT NEWCO SAS, a foreign corporation; and ESPORT NEWCO US CORP., a Delaware corporation,<br><br>Defendants. | Civil Action No.: 24 Civ. 4991<br><br>Hon. Vernon S. Broderick<br><br>Hon. Jennifer E. Willis |

**SUPPLEMENTAL PROTECTIVE ORDER**
**GOVERNING THE HANDLING OF SOURCE CODE**

WHEREAS, the Court entered a Protective Order in this action on December 29, 2025 at ECF No. 175 governing the disclosure of certain documents, information, or other materials that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" (the "Protective Order");

WHEREAS, the terms set forth in the Protective Order are incorporated by reference herein as if restated in full;

WHEREAS, pursuant to Paragraph VIII.B of the Protective Order, the parties expressly contemplated the need for additional protections for source code before a party could make source code available for inspection;

WHEREAS, on August 28, 2026, the Court ordered the parties to file a special protective order governing the handling of source code in accordance with the Court's guidance (ECF No. 323);

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, be it ordered as follows:

A. The definition of "Protected Material" in Section I.H of the Protective Order (ECF No. 175) is amended to include any Disclosure or Discovery Material that is Highly Confidential—Source Code Material.

B. "Highly Confidential—Source Code Material" means materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising, reflecting, or containing python files and any other computer code and associated comments and revision histories, formulas, engineering specifications, schematics, scripts, assembly, binaries, object code, firmware files, software design and requirements files, build/link files, configuration files including control files, quality assurance and test documentation, and Hardware Description Language or Register Transfer Level files that describe proprietary hardware design, or other material that describes the algorithms, content, or structure of proprietary software or hardware designs, that: (1) is not publicly available or required to be kept confidential by contract; (2) the Designating Party in good faith believes contain information that is highly commercially or competitively sensitive, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means; and (3) the Designating Party in good faith believes would not otherwise be adequately protected under the procedures set forth in the Protective Order for Confidential Material or Highly Confidential—Outside Counsel's Eyes Only Material.

C. Each Party or Non-Party who produces Disclosure or Discovery Material in the course of discovery in this Action may designate such Material as Highly Confidential—Source Code Material only if it believes in good faith that the Material satisfies the definition of Highly Confidential—Source Code Material as set forth in Section B above. Highly Confidential—

Source Code Material shall receive the same treatment and protections as Highly Confidential—Outside Counsel's Eyes Only Material pursuant to the Protective Order.

D. Notwithstanding any other provisions of the Protective Order, Highly Confidential—Source Code Material shall be produced pursuant to the following Review Protocol:

1. **Availability of Source Code for Inspection.** The Producing Party shall make all documents, material, or any other information designated Highly Confidential—Source Code Material available to the Receiving Party for inspection on one standalone, secured computer in a secured room at an office of the Producing Party's outside counsel or another mutually agreeable location. The computer shall not have connection to any printer or storage device other than the computer's internal storage drive. The Source Code shall be maintained in a format that allows for reasonable review and searching. The Receiving Party shall be responsible for providing a reasonable number of analysis tools (or licenses to those tools) that it seeks to use for inspection purposes to the Producing Party so that the Producing Party may install those tools on the secured computer.

2. **Written Notice of Source Code Inspection.** The Receiving Party shall provide written notice of their intent to review the source code at least five (5) business days in advance of the desired review date. The source code shall be available for inspection from 9:00 AM through 6:00 PM local time at the reviewing location, or at other mutually agreeable times and locations, and the inspection shall continue from day to day until completed.

3. **Disclosure of Experts.** The Receiving Party may designate up to four (4) Experts[1] to review the Producing Party's source code. In its Written Notice of Source Code Inspection, the Receiving Party shall disclose, for each of its designated source code review Expert(s), the person's name, business address, and descriptions of all present employment.

4. **Disputes Concerning the Receiving Party's Experts.** Within three (3) business days of receipt of the information required by Section D.3 above, of the Receiving Party's designated Expert(s), the Producing Party may object in writing (stating with particularity the good faith reasons for the objection) to the disclosure of its source code or printed copies thereof to any Expert. In the objection, the Producing Party may in good faith ask for clarifying information that it reasonably believes may resolve or otherwise substantiate a concern, which the Parties will then discuss in a meet and confer. If the Producing Party's objection is not resolved by the Parties such that an impasse is reached after a meet and confer, the Producing Party may file a motion with the Court within three (3) business days of service of the notice of objection. The Producing Party bears the burden of demonstrating that the potential harm of the objected-to Expert's access to the Producing Party's source code outweighs the Receiving Party's need for that Expert. The Receiving Party may file a response within three (3) business days of the filing of the Producing Party's motion. The Producing Party is not permitted to file a reply without prior

[1] In accordance with the Court's August 28, 2026 Order (ECF No. 323), the term "Expert" has the definition set forth in Section L of the Protective Order (ECF No. 175) already entered in this case.

leave of Court. The disclosure of the Producing Party's source code shall be postponed pending the Court's ruling on the Producing Party's motion.

5. **Scope of the Reviewing Party's** Inspection. The Receiving Party's representatives are allowed to take notes on a laptop or other personal electronic devices during their inspection, but may not copy more than two consecutive lines of the Source Code into the notes unless otherwise agreed upon by the Parties. Such notes will be designated as "HIGHLY CONFIDENTIAL—SOURCE CODE MATERIAL." The Reviewing Party is prohibited from copying, removing, modifying, translating, porting, photographing, or transferring the source code from the secured computers on which it is stored. Moreover, the Reviewing Party shall not provide access to or otherwise use the Source Code in any manner that is not expressly authorized by the terms of this Order.

6. **Inspection Monitoring by the Producing Party.** The Producing Party (including its outside counsel) may visually monitor the Receiving Party's representatives during their review of the Producing Party's Source Code so as to ensure compliance with this Order. Video supervision is not permitted.

7. **Producing Hard-Copy Printouts of Source Code.** If it is necessary to access limited portions of the Producing Party's Source Code for the preparation of court filings or other papers used in furtherance of this Action (including but not limited to expert reports, depositions, or for trial purposes), the Receiving Party may serve upon the Producing Party a written request for six (6) hard copies of limited portions of the Source Code reasonably necessary to prepare such papers. Absent an objection by the Producing Party, the Producing Party shall prepare and produce

the hard-copy printouts within four (4) business days of its receipt of the written request, unless otherwise agreed upon by the Parties. The printouts shall be in paper form and include Bates production numbers. Each page of the produced printouts shall be designated "HIGHLY CONFIDENTIAL—SOURCE CODE MATERIAL." The Receiving Party shall not request Source Code printouts in order to review blocks of Source Code in the first instance, *i.e.*, as an alternative to inspecting that Source Code electronically on the Source Code computer. Any disputes concerning either Party's compliance with this provision shall first be addressed by a meet and confer within five (5) days and, if the objection is not resolved, then Producing Party shall have seven (7) days after the expiration of the meet and confer period in which to file a motion for a protective order governing the printout(s) that are the subject of the objection. The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

E. Prior to disclosing Highly Confidential—Source Code Material to a Receiving Party's proposed Expert, the Receiving Party and its Outside Counsel must certify to the Producing Party that such Expert has (a) executed a signed Acknowledgement of Protective Order and Supplemental Protective Order Governing the Handling of Source Code and Agreement to be Bound in the form attached hereto as Exhibit A, and (b) has no professional relationship with or pecuniary or other financial interest in any Party to this Action for the past five years.

F. This Supplemental Protective Order and the provisions governing HIGHLY CONFIDENTIAL—SOURCE CODE MATERIAL shall not be construed as an admission

regarding whether source code is discoverable in this Action and/or, if source code is discoverable, the scope or breadth of any such disclosures.

SO ORDERED.

Dated: September 21, 2026

Jennifer E. Willis

HON. JENNIFER E. WILLIS, U.S.M.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>Plaintiff,<br><br>-against-<br><br>VOODOO SAS, a foreign corporation; ESPORT NEWCO SAS, a foreign corporation; and ESPORT NEWCO US CORP., a Delaware corporation,<br><br>Defendants. | Civil Action No.: 24 Civ. 4991 (VSB)<br><br>Hon. Vernon S. Broderick |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND SUPPLEMENTAL PROTECTIVE ORDER GOVERNING THE HANDLING OF SOURCE CODE AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I, ________________________, am about to receive information that is being supplied by one or more of the parties in the case of *Skillz Platform Inc. v. Voodoo SAS et al.*, No. 1:24-cv-04991-VSB, pending in the United States District Court for the Southern District of New York (the "Action"). I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order and the Supplemental Protective Order Governing the Handling of Source Code. I have been given a copy of said Protective Order and Supplemental Protective Order Governing the Handling of Source Code, have read them in their entirety, and agree to be bound by their terms. I understand that information and any documentary material covered by the Protective Order and Supplemental Protective Order Governing the Handling of Source Code that I am provided or obtain (which includes any notes or other record that I make of such material) must not be disclosed to others,

except as permitted by the Protective Order and the Supplemental Protective Order Governing the Handling of Source Code under the terms set forth therein, and any such material shall not be used for any purpose other than the specified use as set forth in the Protective Order and the Supplemental Protective Order Governing the Handling of Source Code. Additionally, I agree that all such material will be destroyed as set forth in the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order and the Supplemental Protective Order Governing the Handling of Source Code, even if such enforcement proceedings occur after termination of this Action. I understand that failure to comply with the Protective Order and the Supplemental Protective Order Governing the Handling of Source Code could result in sanctions or other consequences.

Signature:______________________

Print Name:____________________

Date:__________________________