KING & SPALDING

King & Spalding LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330
www.kslaw.com

Lazar P. Raynal
Direct Dial: (312) 764-6947
lraynal@kslaw.com

November 5, 2026

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 11/6/2026

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 518
New York, NY 10007

Re: *Skillz Platform Inc. v. Voodoo SAS, et al.*, No. 1:24-cv-04991-VSB-JW (S.D.N.Y.)

Dear Judge Broderick:

Pursuant to Rule 5.B.iii of the Court's Individual Practices in Civil Cases, we write on behalf of Plaintiff Skillz Platform Inc. ("Skillz") requesting to seal Skillz's forthcoming Opposition to Defendants' ("Voodoo") Rule 72(a) Objection to the Court's October 8, 2026 Order at ECF No. 354 Denying Certain Discovery.

Voodoo's Memorandum and its supporting Exhibits contain and refer to several of Skillz's internal documents, including confidential financial analyses, revenue and spend analyses, player-retention and satisfaction data, game valuation models, and confidential business planning documents. Skillz's forthcoming Opposition responds to Voodoo's arguments concerning these documents and therefore necessarily discloses their contents, which the Court has already determined warrants sealing by granting Voodoo's motion to seal this exact information. *See* ECF Nos. 355, 361.

In deciding whether documents should be filed under seal, courts in this Circuit employ a three-part analysis: (1) the court determines whether the documents are judicial documents subject to a presumptive public right of access; (2) the court evaluates the weight of the public's presumptive right of access; and (3) once the weight of the presumption is determined, a court must balance competing considerations. *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, No. 23-CV-8446, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023)). That a document has been filed with the court is alone insufficient to render it a judicial document—the document must "be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115.

The discrete information narrowly redacted in Skillz's Opposition is not relevant to the Court's resolution of the underlying claims at issue in this litigation, and disclosure of this information would cause competitive harm to Skillz by revealing its proprietary assessments of its business performance. *See EFT Servs. LLC v. i-POS Sys. LLC*, 2025 WL 1752144, at *4-5 (S.D.N.Y. June 25, 2025) (Willis, J.) (maintaining redactions where the sealed information included confidential business information and the results of private internal processes). The need to safeguard such "truly confidential commercial information" weighs in favor of sealing. *Mercantile Glob. Holdings*, 2024 WL 1974276, at *1; *see also, e.g.*, *EFT Services LLC v. i-POS Systems LLC*, 2025 WL 1752144, at *3–4 (S.D.N.Y. June 25, 2025) (applying the three-part test and finding that a party's "interest in keeping [its] proprietary information and trade secrets confidential" outweighed the public's right of access) (Willis, J.); *Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information").

Skillz's Opposition also refers to certain internal documents and hearing transcript excerpts that Voodoo has designated as Highly Confidential–Attorneys' Eyes Only under the parties' Joint and Stipulated Protective Order (ECF No. 175) and that Voodoo contends contains protected material. The Protective Order requires the parties to file under seal or redact any information that a Producing Party has designated as Protected Material. *See* ECF No. 175, § V.L.

For the foregoing reasons, Skillz respectfully requests to file a redacted version of its forthcoming Opposition on the public docket and an unredacted version under seal.

As always, Skillz appreciates the Court's attention to this matter.

Respectfully,

Lazar Raynal

Lazar Raynal

cc: All Counsel of Record (ECF)