JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: +1.212.326.3740
HKGORDON@JONESDAY.COM

November 9, 2026

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 11/10/2026

Re: *Skillz Platform Inc. v. Voodoo SAS, et al.*, No. 1:24-cv-04991

Dear Judge Broderick:

Pursuant to Rule 5.B.iii of the Court's Individual Practices, Defendants respectfully submit this letter to request that the Court maintain under seal Skillz's Opposition to Defendants' Rule 72(a) Objection to the Court's October 8, 2026 Order, which Skillz filed under seal at ECF No. 366 ("Skillz's Opposition"). The public redacted version was filed at ECF No. 367.

In deciding whether documents should be filed under seal, courts in this Circuit employ a three-part analysis: (1) the court determines whether the documents are judicial documents subject to a presumptive public right of access; (2) the court evaluates the weight of the public's presumptive right of access; and (3) once the weight of the presumption is determined, a court must balance competing considerations. *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, No. 23-CV-8446, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023)). That a document has been filed with the court is alone insufficient to render it a judicial document—the document must "be relevant to the performance of the judicial function and useful in the judicial process." *See Bella v. Wilton Reassurance Life of New York*, No. 23-CV-1613 (VSB), 2023 WL 7131877, at *1 (S.D.N.Y. Oct. 27, 2023) (Broderick, J.) (quoting *Lugosch*, 435 F.3d at 119).

Certain redacted portions of Skillz's Opposition on page 20 describe Defendants' confidential internal systems containing player information. On page 25, Skillz's Opposition mischaracterizes a confidential internal communication between Defendants' Blitz App developers.

Defendants' information that is redacted in Skillz's Opposition is not relevant to the Court's resolution of Defendants' Rule 72(a) Objection, and disclosure of this information would cause competitive harm to Defendants by revealing confidential internal systems and intricacies

of Blitz App gameplay. *See EFT Servs. LLC v. i-POS Sys. LLC*, 2025 WL 1752144, at *4-5 (S.D.N.Y. June 25, 2025) (Willis, J.) (maintaining redactions where the sealed information included confidential business information and the results of private internal processes). The need to safeguard such "truly confidential commercial information" weighs in favor of sealing. *Mercantile Glob. Holdings*, 2024 WL 1974276, at *1; *see also, e.g., EFT Services LLC v. i-POS Systems LLC*, 2025 WL 1752144, at *3-4 (S.D.N.Y. June 25, 2025) (applying the three-part test and finding that a party's "interest in keeping [its] proprietary information and trade secrets confidential" outweighed the public's right of access) (Willis, J.); *Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity*, 1982, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information"). Defendants' request is also narrowly tailored: Defendants seek to seal only the discrete portions of Skillz's Opposition that discuss Defendants' confidential business information, preserving public access to the remainder of the filing, and the proposed redactions extend no further than necessary to protect Defendants' legitimate confidentiality interests.

For the foregoing reasons, Defendants respectfully request that the Court grant this motion to seal Skillz's Opposition, filed under seal at ECF No. 366.

Respectfully submitted,

*<u>/s/ Harold K. Gordon</u>*

Harold K. Gordon